**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY PLOWDEN, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| v. | : | |
| HOME DEPOT U.S.A., INC., | : | |
| Defendant. | : | |

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for employment discrimination under Title VII of the Civil Rights Act of 1964.

2. Plaintiff Jeffrey Plowden is an African American male who worked for Defendant for approximately fifteen years until his discriminatory and retaliatory termination on August 9, 2024. Plaintiff worked as an Asset Protection Specialist who had flexible hours due to the nature of his job. He was terminated for a technical violation of attendance policy yet was treated differently from similarly situated non-African American employees who were not terminated despite significant attendance issues. Plaintiff was subjected to unfair discipline after a change in supervision. Plaintiff's Supervisor engaged in the practice of hiring Hispanic employees to replace workers of other races and replaced Plaintiff with a Hispanic employee.

3. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

5. This Court has supplemental jurisdiction over Plaintiff's claims under the PHRA pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District because the unlawful employment practices occurred in Delaware County, Pennsylvania.

## III. PARTIES

7. Plaintiff Jeffrey Plowden is an adult individual residing in Delaware County, Pennsylvania.

8. Defendant Home Depot U.S.A., Inc. is a corporation that does business in Pennsylvania including as The Home Depot.

9. Defendant was Plaintiff's employer at all relevant times and acted through its respective officers, employees, supervisors, human-resources personnel, leave administrators, and other agents, in connection with the conduct alleged in this Complaint.

## IV. ADMINISTRATIVE EXHAUSTION

10. On or about March 6, 2025, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2025-04756, alleging discrimination and based on race, and color, and retaliation.

11. The EEOC issued Plaintiff a Notice of Right to Sue on July 20, 2026 and Plaintiff commenced this action within ninety days of receipt.

12. Plaintiff has satisfied all conditions precedent to his Title VII claims.

13. More than one year has elapsed since Plaintiff's charge was filed with the PHRC, and the PHRC has not entered into a conciliation agreement to which Plaintiff is a party.

14. Plaintiff has satisfied all administrative prerequisites to file this action.

**V. FACTUAL ALLEGATIONS**

15. Plaintiff began working for Defendant, primarily as an Asset Protection Specialist in 2009 and worked at various Home Depot locations including at 300 MacDade Blvd, Folsom, PA 19033.

16. Plaintiff performed his job in a satisfactory manner for many years and had a long history of employment without significant discipline.

17. Plaintiff maintained a satisfactory employment record throughout his approximately fifteen years of employment. Any prior attendance related issues were isolated and did not place Plaintiff on notice that his employment was in jeopardy.

18. Defendant escalated discipline after the appointment of a new supervisor, Cesar Evangelista.

19. Plaintiff's position allowed flexibility in scheduling due to the nature of investigations and Plaintiff regularly communicated his schedule to management.

20. Plaintiff continued to follow long standing practices for scheduling and reporting time off that had been accepted for years.

21. Defendant later applied a stricter interpretation of its attendance policies to Plaintiff without prior notice.

22. This change in treatment was inconsistent with Defendant's prior handling of Plaintiff's attendance and performance.

23. Plaintiff was not provided training or notice of any new attendance procedures, including any requirement to use a scheduling portal.

24. Plaintiff used vacation time consistent with longstanding practice by notifying his supervisor of his schedule, yet Defendant nevertheless disciplined him.

25. Plaintiff was terminated on August 9, 2024 for purported attendance violations related to his taking approved vacation.

26. Defendant did not enforce these policies uniformly across employees.

27. Similarly situated employees outside Plaintiff's protected class engaged in comparable attendance related conduct but were not terminated.

28. At least one such employee received progressive discipline and was permitted to transfer to another position rather than being terminated.

29. Plaintiff was terminated for alleged attendance violations arising from his use of vacation time that he understood to be approved pursuant to longstanding practice.

30. Defendant failed to conduct a fair or thorough investigation before terminating Plaintiff.

31. The totality of these circumstances gives rise to an inference of unlawful discrimination.

32. The timing and circumstances show that the reason was pretext.

33. Upon information and belief, Plaintiff was replaced by a non-African American individual who was the same race as his Supervisor.

**COUNT I**
**DISCRIMINATION (TITLE VII-Race, Color)**

34. Plaintiff incorporates all prior paragraphs.

35. Plaintiff is a member of a protected class.

36. Plaintiff was qualified for his position.

37. Plaintiff suffered an adverse employment action when he was terminated.

38. Similarly situated non-African American employees were treated more favorably.

39. Defendant's stated reason for termination is false and pretextual.

40. Defendant discriminated against Plaintiff because of his race.

**COUNT II**
**VIOLATION OF THE PHRA**

41. Plaintiff incorporates all prior paragraphs.

42. Defendant's conduct constitutes unlawful discrimination based on race and color in violation of the PHRA.

43. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages as set forth herein.

**COUNT III**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

44. Plaintiff incorporates all prior paragraphs.

45. Plaintiff is an African American individual and a member of a protected class.

46. At all times relevant, Plaintiff's employment relationship with Defendant constituted a contract within the meaning of 42 U.S.C. § 1981.

47. Defendant intentionally discriminated against Plaintiff on the basis of race by terminating Plaintiff's employment contract.

48. By terminating Plaintiff's employment, Defendant interfered with, impaired, and revoked Plaintiff's right to make and enforce contracts, and denied Plaintiff the full and equal benefit of that contractual relationship.

49. But for Plaintiff's race, Defendant would not have terminated Plaintiff's employment contract or interfered with Plaintiff's contractual rights.

50. Defendant treated similarly situated non-African American employees more favorably.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Enter judgment in favor of Plaintiff;

Award back pay and front pay;

Order Defendant to reinstate Plaintiff to his former position or a comparable position;

Award compensatory damages;

Award punitive damages;

Award attorney's fees and costs;

Grant all other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

**HENNESSY LAW**

*s/ Kay Hennessy Seven*

Date: 9/11/2026

KAY HENNESSY SEVEN, ESQUIRE
I.D. NO.: 77262
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 267-344-3600
kay@Hennessylawfirm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY PLOWDEN, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| v. | : | |
| HOME DEPOT U.S.A., INC., | : | |
| Defendant. | : | |

**VERIFICATION**

I, Jeffrey Plowden, hereby verify that I am the Plaintiff in the above matter and under penalty of perjury applicable under the laws of the United States that the factual averments in the attached Complaint are true and correct to the best of my knowledge, information, and belief.

ID oNVqaTnykhbZpEutUEmhQ5eR

Jeffrey Plowden

8/31/2026